UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IDA L. LEMON and ANTHONY LEMON, )<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>ANONYMOUS PHYSICIAN; ANONYMOUS )<br>PHYSICIAN GROUP, LLP; ANONYMOUS )<br>HOSPITAL; AMERICAN MEDICAL )<br>SYSTEMS, INC., and VISIONARY )<br>ENTERPRISES, INC., d/b/a VOLUNTARY )<br>ENTERPRISES, INC., )<br>    Defendants. ) | 1:04-cv-2083-LJM-WTL |

**ORDER ON AMERICAN MEDICAL SYSTEMS, INC.'S MOTION TO DISMISS
PLAINTIFFS' IMPLIED WARRANTY AND CERTAIN NEGLIGENCE CLAIMS**

This matter is before the Court on the motion of American Medical Systems, Inc. ("AMS") to dismiss certain claims brought against it by Ida L. Lemon and Anthony Lemon (the "Lemons"). Specifically, AMS asserts that under Indiana law, the Lemons' claims for breaches of implied warranties are superceded by the theory of strict liability. AMS further argues that the Lemons' allegation that AMS failed to properly guide, assist or instruct Anonymous Physician should be dismissed because no such duty exists. Finally, AMS claims that the Lemons' claim for failure to warn fails to state a claim upon which relief can be granted. For the reasons set forth below, AMS' motion is **GRANTED in part and DENIED in part**.

**I. BACKGROUND**

AMS manufactured the Monarc Sling System with Tensioning Suture, a female sling

1

intended to correct urinary incontinence, that was implanted into Ida Lemon on or about March 30, 2004, (the "Sling"). Am. Compl. ¶ 5. AMS manufactured the Sling, and placed the Sling into the stream of commerce. *Id.* ¶ 10. The Lemons allege the Sling was defective and unreasonably dangerous in the condition in which it was sold. *Id.* The Lemons also allege that AMS was negligent in failing to properly design, test, manufacture, instruct, and warn regarding the Sling, and in guiding, assisting and supervising the implanting physician. *Id.* The Lemons further allege the Sling was not fit for the purposes for which it was sold, and that AMS breached implied warranties of merchantability and fitness for a particular purpose when it sold the Sling. *Id.* The Lemons assert that AMS failed to use reasonable care in allowing the implanting physician to perform the implant surgery without providing proper warning, instruction, training, knowledge and skill, based upon AMS's superior knowledge of the product, and undertook a duty to guide, instruct, and assist the implanting physician in the surgical technique for implanting the Sling into Ida Lemon's body. *Id.*

Ida Lemon has incurred physical and emotional pain and suffering resulting from implantation of the Sling. *Id.* ¶ 12. She has undergone several surgical procedures, has suffered damage to her nerves and urinary systems, has lost wages, and has incurred medical and other expenses. *Id.* The Lemons allege Anthony Lemon has lost the services, society, companionship and consortium of his wife, Ida Lemon, as well as certain monetary losses. *Id.* at 13.

## II. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim is subject to dismissal for "failure to state a claim upon which relief may be granted." *United States v. Clark County, Indiana*, 113 F. Supp.2d 1286, 1290 (S.D. Ind. 2000). When considering a motion under this rule,

the Court must examine the sufficiency of a plaintiff's complaint, not the merits of the lawsuit. *Id*. The Court shall accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Id*. Dismissal under Rule 12(b)(6) is proper only if the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Chavez v. Illinois State Police*, 251 F.3d 612, 648 (7th Cir. 2001), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Veazey v. Communications & Cable of Chi., Inc.*, 194 F.3d 850, 854 (7th Cir.1999).

### III. DISCUSSION

#### A. BREACH OF IMPLIED WARRANTY

The Court must grant AMS's motion to dismiss the Lemons' claims for breach of implied warranties of merchantability and fitness for a particular purpose, because those claims are already included within the Lemons' claims for strict liability.[1] Under Indiana law, the theory of implied warranty in product liability actions has been superceded by the theory of strict liability. *Condon v. Carl J. Reinke & Sons, Inc.*, 575 N.E.2d 17, 18 (Ind. Ct. App 1991). Where a plaintiff has brought claims for strict liability in tort, the theory of breach of warranty exists but it does not constitute a separate cause of action apart from the strict liability claim. *TLB Plastics v. Procter & Gamble Paper Prods. Co.*, 542 N.E.2d 1373, 1375 (Ind. Ct. App.1989). Indiana courts have made it clear that a claim for breach of implied warranty fails to state a cause of action upon which a plaintiff can recover. *Condon*, 575 N.E.2d at 18.

In their Response to the AMS's motion, the Lemons assert that their breach of warranty

---

[1] The Lemons' claims for negligent design, testing and manufacturing constitute claims for strict liability under the Indiana Product Liability Act. Ind. Code § 34-20-2-1.

claims should also stand as contract claims. The Uniform Commercial Code, as adopted in Indiana, allows an action for breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. Ind. Code §§ 26-1-2-314, 26-1-2-315. Previously, for a plaintiff to be able to maintain a contractual breach of implied warranty claim against a defendant, the parties must have been in privity at the time the product was sold. However, the Indiana Supreme Court eliminated the privity requirement earlier this year. *See Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947 (Ind. 2005). While AMS argues that it is unclear whether the vitiation of the privity requirement applies to medical device and pharmaceutical cases, the Court need not decide that here, because the Lemons have not sufficiently plead a breach of warranty under the UCC.

Any claim the Lemons may have for contractual breach of implied warranties is barred because the Lemons failed to allege that they had given AMS notice of the breach prior to filing suit. "[T]he buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Ind. Code § 26-1-2-607(3)(a); *see McClure Oil Corp. v. Murray Equip., Inc.*, 515 N.E.2d 546, 554 (Ind. Ct. App. 1987) ("Timely notice of a breach of warranty is a substantive condition precedent to recovery"). Accordingly, the Lemons' claims for breach of implied warranty of merchantability and implied warranty of fitness for a particular purposes fail to state claims upon which relief my be granted.

### B.  DUTY TO INSTRUCT OR ASSIST

A medical device manufacturer does not automatically have a duty to properly train, instruct or assist a physician on the surgical implantation and use of the device. However, the manufacturer

can affirmatively undertake that duty. *See Lucas v. Dorsey Corp.*, 609 N.E.2d 1191, 1198 (Ind. Ct. App. 1993) (holding that an assumed duty "creates a special relationship between the parties and a corresponding duty to act as a reasonably prudent person." *Id.* The Lemons make the proper allegations in their amended complaint. *See* Am. Compl. ¶ 10 ("[AMS] . . undertook a duty to guide, instruct and/or assist Anonymous Physician in the surgical technique for inserting" the Sling). The Lemons base their claim that AMS undertook a duty to instruct and assist on their allegation that an agent or employee of AMS provided "specific guidance, directions and instruction" to Anonymous Physician during the implantation surgery. *Id.* ¶¶ 5, 10. The Lemons are entitled to further discovery on this issue; thus, at this time the Court will not dismiss the Lemons' claim for breach of an assumed duty to instruct and assist.

## C.  DUTY TO WARN

AMS argues that the Lemons' claim for failure to warn should be dismissed because, as the "Learned Intermediary," Anonymous Physician was the only person to whom AMS owed a duty to warn, and that the physician was responsible for passing warnings along to the Lemons. Under Indiana law, a seller of a product must "give reasonably complete instructions on proper use of the product; when the seller by exercising reasonable diligence, could have made such warnings or instructions available to the user or consumer." Ind. Code § 34-20-4-2. However, in the context of medical devices and most pharmaceuticals, the manufacturer or seller must only direct its warning to doctors, not to the patient who is the ultimate user. *Ortho Pharm. Corp. v. Chapman*, 388 N.E.2d 541, 549 (Ind. Ct. App. 1979).

The physician acts as a "learned intermediary" between the manufacturer or seller

and the patient. It is his duty to inform himself of the qualities and characteristics of those products which he prescribes for or administers to or uses on his patients, and to exercise an independent judgment, taking into account his knowledge of the patient as well as the product.

*Id.* The Lemons' allegation that AMS failed to properly warn them regarding the Sling fails to state a claim upon which relief can be granted.

## IV.  **CONCLUSION**

For the reasons stated herein, AMS' motion to dismiss the Lemons' claims of breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose is **GRANTED**; AMS' motion to dismiss the Lemons' claim for breach of an assumed duty to instruct, guide or assist Anonymous Physician is **DENIED**; and AMS' motion to dismiss the Lemons' failure to warn claim is **GRANTED**.

IT IS SO ORDERED this 12th day of September, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed electronically to:

Karen B. Neiswinger
kneiswinger@skyenet.net

David Douglas Becsey
ZEIGLER COHEN & KOCH
dbecsey@zcklaw.com

Kevin R. Knight
ICE MILLER
kevin.knight@icemiller.com